IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KWASHIE SENAM ZILEVU,<br><br>  Defendant. | Criminal No. 1:19-CR-356 |

MOTION TO CONTINUE 2/18/20 TRIAL DATE

The Defendant, Kwashie Zilevu, by and through the undersigned counsel, with the consent of the United States, respectfully moves this Court to continue the trial date presently set for February 18, 2010. In support thereof, Defendant states as follows:

1. The Defendant agreed to waive the preliminary hearing (ECF 13).

2. The parties jointly moved to extend the time for indictment (ECF 14).

3. Since that time, the Government has produced the following discovery to the Defendant:

   a. Nov 8, 2019 – the Government provided Bates numbers 1-342.

   b. Jan 22, 2020 – Defendant and his counsel met with the AUSA for a "reverse proffer." The evidence reviewed during said proffer was provided on a DVD the following day (see next entry).

   c. Jan 23, 2020 – the Government provided a DVD with 146 documents thereon, and in response to an inquiry from Defendant's counsel advised there was a significant amount of additional discovery to produce.

    d. Jan 24, 2020 – the Government delivered a thumb drive and an external drive, providing an additional 1.75 *terabytes* of discovery in more than 500 folders on the external drive.

    e. Jan 30, 2020 – the Government produced 5 DVDs of discovery evidencing material obtained from various electronic devices seized during execution of a warrant at Defendant's home.  The DVDs were provided along with a forensic report.

    f. Jan 31, 2020 (Friday) – the Government produced 3 additional DVDs of further evidence recovered from devices seized from Defendant's home

    g. Feb 4, 2020 (Tuesday) – Defendant's counsel identified item # 21 on the forensic report (a Macbook laptop), reviewed the discovery materials related thereto, and advised of the Defendant's desire to have a forensic examination thereof given its importance to the defense – while seized from Defendant's home, it belongs to a Kwaku Blay, who recently accepted a plea in Maryland federal court, and Defendant feels there is important exculpatory evidence on Mr. Blay's laptop that was not the subject of the forensic review performed at the request of the Government.  This is being discussed between the Defendant and the Government at this time.

    4. Defendant's counsel has been able to get through 5 of the DVDs, and about 75 of the 500 folders on the external drive.  There is a significant amount of discovery yet to be reviewed.

5. In order to properly represent the interests of the Defendant, a proper review of the discovery received is necessary, in addition to the need for a forensic review of at least one electronic device seized by the Government.

6. The current date further does not permit Defense counsel to evaluate all of the discovery provided by the Government, which is necessary for counsel to properly advise his client regarding any plea, and the desire for more time to consider a resolution in turn affects the Government's need to prepare for trial, witness arrangements, etc.

7. The Government represents that all discovery was provided to Defense counsel upon receipt from the forensics lab.

8. If the Court is inclined to grant the continuance, Defendant is agreeable to wave his right to speedy trial, and this can be addressed at the status conference requested below.

9. In light of the above, Defendant requests a 30-60 day continuance of the trial date to allow him to properly review the extensive amount of discovery produced, and then engage in meaningful discussions with a full understanding of the Government's evidence.

10. The Government consents to this request.

11. The parties discussed a late March trial date, but the Government must confirm witness availability. Thus, at this time the parties agreed Defendant would get this motion before the court. The parties request a status conference to reset the trial.

\* \* \*

WHEREFORE, the Defendant requests the presently scheduled trial date be vacated, and the parties be directed to contact chambers promptly to schedule a status conference for purposes of rescheduling the trial.

Respectfully submitted,

KWASHIE ZILEVU

By Counsel,

THE BROWN FIRM PLLC

By: _/s/ Christopher E. Brown_____
Christopher E. Brown, Esq.
VSB#39852
526 King St., Suite 213
Alexandria, VA 22314
703-924-0223
Fax 703-997-2362
cbrown@brownfirmpllc.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing on this 5th day of February, 2020, with the Court's ECF system which will send notice hereof to all registered users, and I further emailed a copy to SAUSA Ron Fiorillo.

_/s/ Christopher E. Brown_____
Christopher E. Brown

4