UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Case 1:19-CR-356 |
| | ) | |
| v. | ) | Trial:  July 12, 2021 |
| | ) | |
| KWASHIE SENAM ZILEVU, | ) | Honorable Rossie D. Alston Jr. |
| | ) | |
| Defendant. | ) | |

## MOTION IN LIMINE TO PRECLUDE "OTHER CRIMES" EVIDENCE

The Defendant moves the Court to exclude evidence concerning certain evidence the government intends to produce at trial.

On July 1, 2021, the government notified defense counsel that it intended to call Kwaku Blay in its case-in-chief to introduce evidence it believes is intrinsic to the alleged fraud and identity theft scheme, or in the alternative, to provide notice pursuant to 404(b)(2) regarding evidence it believes as evidence of other acts of the defendant that may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

The notice provided set forth the following:

•   From 2016 to 2018. Blay will testify that he and the Defendant worked together to obtain the identity information of other people and worked in concert to obtain credit cards and loans, and to convert said financial instruments into cash for their benefit.

•   Blay will testify regarding the means by which he and the Defendant obtained identity information of others (e.g. cryptocurrency transactions and Dark Web purchases).

•   Blay will testify regarding the use of fraudulently obtained credit cards, including the use of e-commerce platforms, online marketplaces and a fictitious African charity organization created by the Defendant.

•   Blay will testify regarding the Defendant's use of computer software programs such as Team Viewer to further their fraudulent scheme and to perpetuate the identity theft activities they engaged in together.

## DISCUSSION

The Defendant seeks to exclude all of Blay's anticipated testimony contained in the government's notice, particularly testimony about a fictitious African charity organization created by the Defendant. The Defendant also seeks a limiting instruction on any "other crimes" evidence allowed.

### "EXTRINSIC" AND "INTRINSIC" ACTS

The Fourth Circuit has drawn a distinction between "extrinsic" and "intrinsic" acts. "[C]riminal acts are intrinsic when they are [1] inextricably intertwined or [2] both acts are part of a single criminal episode or [3] the other acts were necessary preliminaries to the crime charged." *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996). Acts that are intrinsic to the charged offense do not fall under the limitations of Rule 404(b). Even if the evidence is intrinsic, it must still satisfy Rule 403. *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009).

Here, the Defendant submits the alleged bad acts contained in the notice are not intrinsic to the charged offenses, particularly the alleged involvement with a fictitious African charity. In the instant case, Defendant is charged with access device fraud and aggravated identity theft.

Any alleged involvement with an African charity is not part of the alleged criminal episode at issue in this case such that a jury would have to know about to understand Defendant's conduct in the instant offenses charged. None of the conduct set forth in the government's 404(b) notice played a role in the alleged fraudulent conduct charged in the Indictment and are not "necessary preliminaries to the crime charged." *Chin*, at 88.

RULE 403 ANALYSIS

In the alternative, the government argues that information relating to the African charity is relevant and necessary to establish his motive, intent, knowledge, identity, and absence of mistake or accident.

The Fourth Circuit has held Rule 404(b) is a rule of inclusion. See *United States v. Sanchez*, 118 F.3d 192, 195 (4th Cir. 1997). However, to be admissible under Rule 404(b), the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process. *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997).[1]

The proffered evidence regarding the charity is not relevant as it does not have "any tendency to make the existence of any determinative fact more probable than it would be absent the evidence." *United States v. Van Metre*, 150 F.3d 339, 349 (4th Cir. 1998). When determining relevance, courts must also examine how closely the prior acts relate to the charged conduct. *United States v. McBride*, 676 F.3d 385, 397 (4th Cir. 2012).

The evidence is not necessary as it is not "probative of an essential claim or an element" in a manner not offered by "other evidence available to the government." *Queen*, at 997–98.

Finally, the evidence should be excluded as its probative value is substantially outweighed by the danger of unfair prejudice. The proposed 404(b) evidence regarding the African charity (with presumably photos of starving and malnourished children) would inflame the jury or encourage them to "draw an inference against the Defendant, based

---

[1] In Queen, the Fourth Circuit also noted that "additional protection against the dangers of Rule 404(b) evidence may be provided by a limiting jury instruction, when requested by a party, explaining the purpose for admitting evidence of prior acts. *Queen*, at 997.

solely on a judgment about the Defendant's criminal character or wicked disposition." *United States v. Sterling*, 860 F.3d 233, 248 (4th Cir. 2017).

WHEREFORE, for the forgoing reasons, the Defendant seeks exclusion of the presentation of "other crimes" evidence.

        Respectfully submitted,

        KWASHIE SENAM ZILEVU
        By Counsel

        /s/ Christopher E. Brown
        Christopher E. Brown, Esq., VSB No.39852
        The Brown Firm PLLC
        526 King St., Suite 213
        Alexandria, Virginia 22314
        Phone: (703) 924-0023
        cbrown@brownfirmpllc.com

        /s/ Pleasant S. Brodnax, III
        Pleasant S. Brodnax, III, VSB No. 26477
        1701 Pennsylvania Avenue, NW, Suite 200
        Washington, D.C. 20006
        (202) 462-1100
        pleasant.brodnax@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed by CM/ECF on the 12th day of July 2021, with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing (NEF) to all counsel of record.

        /s/ Pleasant S. Brodnax, III
        Pleasant S. Brodnax, III