IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Case No. 1:19-cr-356 (RDA) |
| ) | |
| KWASHIE SENAM ZILEVU, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Kwashie Senam Zilevu's ("Defendant") Motion for Early Termination of Supervised Release ("Motion"). Dkt. 125. Considering the Motion, the Government's Opposition (Dkt. 128), Defendant's Reply (Dkt. 129), and the oral argument presented to the Court on January 24, 2024, it is hereby ORDERED that Defendant's Motion is DENIED for the reasons that follow.

I.   BACKGROUND

From January 2016 to February 2017, Defendant, a former Internal Revenue Services ("IRS") employee, used a credit card obtained using the identity of an individual named Matthew Brown to purchase more than $58,000 in goods and services in and around the Woodbridge, Virginia area. Dkt. 111 at 6-8.

On October 2, 2019, Defendant was charged by criminal complaint with one count of Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(5). Dkt. 1. On November 26, 2019, a federal grand jury convening in the U.S. District Court for the Eastern District of Virginia, Alexandria Division returned an indictment charging Defendant with three counts of Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(5), and three counts of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). Dkt. 16. On July 12, 2021, Defendant's jury trial

commenced. Dkt. 85. On July 17, 2021, Defendant was found guilty on Count 1, Access Device Fraud, and was found not guilty on the other five counts. Dkt. 100. On December 1, 2021, this Court sentenced Defendant to five months of incarceration with a three-year term of supervised release,[1] which included the standard conditions of supervised release as well as eight special conditions. Dkt. 120. This Court also ordered Defendant to pay $49,771.02 in restitution. Dkt. 117.

On November 9, 2022, Defendant filed an unopposed motion to modify a few of his conditions of supervision, including those related to his passport and computer monitoring. Dkt. 123. This Court granted that motion the next day. Dkt. 124. On June 9, 2023, Defendant filed the instant Motion requesting that his term of supervised release be terminated early. Dkt. 125. On June 23, 2023, the Government filed an Opposition, Dkt. 128, and on June 29, 2023, Defendant filed a Reply, Dkt. 129. On January 24, 2024, the parties came before the Court for a hearing on the Motion, during which counsel for Defendant and the Government presented argument.

## II. LEGAL STANDARD

As a general matter, pursuant to 18 U.S.C. § 3583(e), this Court has the authority to terminate, extend, revoke, and modify a previously imposed term of supervised release. Defendant bears the burden of demonstrating that early termination of supervised release is warranted. *See e.g.*, *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006); *United States v. O'Hara*, Case No. 00-cr-170, 2011 WL 4356322 at *3 (E.D. Wis. 2011); *United States v. Dilullio*, No. CRIM. A. 08-761, 2011 WL 665623 at *2 (E.D. Pa. Feb. 23, 2011). Consistent with statutory requirements, Defendant has served more than one year of his supervision term and therefore may be considered for early termination. 18 U.S.C. § 3583(e)(1).

---

[1] Defendant's term of supervised release is set to expire on May 17, 2025.

In determining whether early termination of supervised release is appropriate, the Court must first consider the following factors set forth in 18 U.S.C. § 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment . . .;" (3) "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;" (4) "any pertinent policy statement . . .;" (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (6) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). Second, the Court must consider whether early termination is "warranted by the conduct of the defendant." 18 U.S.C. § 3583(e)(1). Third, the Court must consider whether early termination is in "the interest of justice." *Id.*

### III.   ANALYSIS

Defendant moves this Court to terminate his remaining term of supervised release. Dkt. 125. For the reasons that follow, the Court finds that early termination of Defendant's supervised release is not appropriate at this juncture.

In support of his Motion, Defendant argues that early termination is warranted here due to his full compliance with the terms of his supervised release and his "stable community reintegration" in terms of his housing, family, and employment situation. *Id*. at 4-5. In response, the Government contends that Defendant's Motion should be denied due to the nature of Defendant's offense and because mere compliance with the terms of supervised release is simply not enough to warrant early termination. Dkt. 128 at 2.

A. The Section 3553(a) Factors

Turning to the Section 3553(a) factors, Defendant's use of another individual's identity to make lavish purchases was based purely on greed. Defendant made a good living working for the IRS and was not under any type of financial duress when he committed the instant offense. Dkt. 111 (Presentence Investigation Report) ¶ 97. He simply wanted more—including international and domestic travel and goods from various retail stores—and used his advanced technical skills and another individual's identity to get it. *Id.* ¶¶ 16-19, 23-25, 34, 46. Furthermore, early termination would not provide adequate deterrence to Defendant or others. Defendant's guidelines range was twenty-one to twenty-seven months' imprisonment and he only received five months of incarceration. Dkt. 115. To counterbalance this below-guidelines sentence, the Court also imposed a three-year term of supervised release, the maximum period permitted. *Id.* Terminating Defendant's term of supervision early, where the term was such a significant part of his sentence, would undermine the deterrent message the Court intended to send to Defendant and other would-be criminals that engaging in similar conduct will have significant consequences. While the Court acknowledges that Defendant does not have a criminal record beyond the instant offense and has satisfied his restitution requirements, the Court finds that the nature and circumstances of Defendant's offense and the need for deterrence strongly militate against early termination.

B. Defendant's Conduct

With respect to Defendant's conduct, Defendant argues that the fact that he has completed every condition of supervised release asked of him weighs in favor of early termination. Dkt. 125 at 4-5. The Government, meanwhile, does not dispute that Defendant has thus far complied with his terms of supervised release, but rather argues that compliance is simply the baseline of what is expected and is not, in and of itself, proper justification for early termination.

4

Courts within the Fourth Circuit have made clear that "compliance with the terms of supervised release is not itself sufficient to warrant termination." *Smith v. United States*, No. 2:16-CR-51, 2023 WL 8586680, at *7 (E.D. Va. Dec. 11, 2023). Importantly, "[e]ven model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *Id.* (quotations and citation omitted).

Here, Defendant has simply not been arrested or convicted of any new crimes and has otherwise complied with his conditions of release. It bears repeating that Defendant's compliance with the full terms of supervised release was what this Court expected when imposing a sentence, and as such, this Court cannot afford significant weight to Defendant having done what he is required to do to maintain his freedom. Additionally, while it is commendable that Defendant has been able to maintain employment, residence, and close family relationships since reintegrating into his community, these circumstances do not *ipso facto* justify early termination. At best, they suggest that Defendant will continue to be compliant with his conditions of supervised release and will not reoffend. Accordingly, the Court finds that Defendant's conduct is a neutral factor.

C. The Interest of Justice

The "interest of justice" provision of Title 18, United States Code, Section 3583(e)(1) gives "the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). Here, the Court notes that Defendant's conditions of supervised release were already modified in November 2022 to make them less onerous, and there is no evidence that it is in the interest of justice to terminate Defendant's supervised release early. Defendant asserts that the Court granting him the relief he seeks would allow him to obtain a credit

5

card, refinance his home, and travel, all without the need to seek prior approval from his probation officer. Dkt. 125 at 5. However, as the Government points out, none of Defendant's conditions prevent him from doing any of these activities—his conditions merely require that he first obtain the permission of his probation officer. There is no indication in the record that Defendant has asked to do any of the activities he mentions, much less that Probation has denied any of his requests. Accordingly, the interest of justice does not weigh in favor of early termination.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that Defendant's Motion (Dkt. 125) is DENIED WITHOUT PREJUDICE. All conditions of Defendant's supervised release shall remain in full force and effect.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to counsel of record.

It is SO ORDERED.

Alexandria, Virginia
January 25, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge